IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WOODSIDE CREDIT, LCC,

       **Plaintiff,**

       vs.                                                      Civ. No. 16-1274  JCH/KK

THOMAS PLACENCIA a/k/a TOMAS
DAVID PLACENCIA, and JOHN B.
GALLEGOS,

       **Defendants.**

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION and OVERRULING DEFENDANTS' OBJECTIONS

**THIS MATTER** is before the Court on Plaintiff's Motion to Remand to State Court Pursuant to 28 U.S.C. § 1447(c) ("Motion to Remand"), filed November 29, 2016. (Doc. 8.) In her Proposed Findings and Recommended Disposition ("PFRD"), filed December 19, 2016, United States Magistrate Judge Kirtan Khalsa proposed to find that (1) Plaintiff's Motion to Remand was timely; (2) Defendant's Notice of Removal was untimely; (3) Plaintiff's Complaint did not present a federal question; and (4) Defendant should be sanctioned based on his objectively unreasonable and untimely removal. (Doc. 14.) Judge Khalsa recommended that Plaintiff's Motion to Remand be granted, and that Plaintiff be required to submit an Affidavit of its just costs and actual expenses, including attorney fees, as a result of the removal. (*Id.*) Defendants[1] filed Unified Objection[s] to Magistrate's Proposed Order ("Objections") on January 9, 2017 (Doc. 16), and Defendants' Objections are now before the Court.

---

[1] Defendant John Gallegos joined Defendant Placencia in the Objections.

District courts may refer dispositive motions to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.  28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1).  "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).  When resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

The Court has considered the Motion to Remand, Defendant Placencia's Response in Opposition, the Magistrate Judge's PFRD, and Defendants' Objections in light of the foregoing standards, and has conducted a *de novo* review.  Based on this review, the Court finds that Defendants' Objections to the Magistrate Judge's PFRD are unfounded.  In their Objections, the Defendants assert their *pro se* status (Doc. 16 at 1-2), list their defenses to Plaintiff's claims (*Id.*

at 3-4), and reargue the timeliness of their Notice of Removal (*Id.* at 4-5).  Defendants raise, for the first time, their objections to the award of any costs based on a wholly vague and conclusory allegation that "Plaintiff's actions are scandalous and vexatious."  (*Id.* at 4.)

In short, following its *de novo* review, the Court finds no fault with the Magistrate Judge's PFRD, and discerns nothing that might usefully be added to it.  Thus, rather than repeat what the Magistrate Judge has already written, the Court hereby ADOPTS the Magistrate Judge's PFRD and OVERRULES Defendants' Objections.

**IT IS THEREFORE ORDERED** that

1. Plaintiff's Motion to Remand to State Court Pursuant to 28 U.S.C. § 1447(c) (Doc. 8) is **GRANTED**.

2. The Clerk of the Court will mail a certified copy of this Order to the Clerk of the Thirteenth Judicial District Court, County of Valencia, State of New Mexico.

3. Plaintiff shall submit an Affidavit of its costs and actual expenses, including attorney fees, incurred as a result of the removal within ten days of the entry of this Order. Defendants shall have ten days thereafter to respond to Plaintiff's Affidavit.

**IT IS SO ORDERED.**

_____
**JUDITH C. HERRERA**
**United States District Judge**